IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY RAY CORSE,

        Plaintiff,

vs.                              **Civ. No. 00-1463 DJS**

JANE DURAN, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss and Plaintiff's Motion to Request Court's Pause in Chronological/Reasonable Time Limit Procedures for Statement Reasons to Amend Complaint.  Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendants' Motion to Dismiss is well taken and shall be granted and that Plaintiff's Motion to Request Court's Pause in Chronological/Reasonable Time Limit Procedures for Statement Reasons to Amend Complaint is not well taken and will be denied.

Plaintiff, *pro se*, filed his Complaint on November 21, 2000.  Plaintiff alleges he was employed as a substitute teacher with Albuquerque Public Schools from February 1998 to June 14, 2000.  Plaintiff alleges that Ms. Duran, Supervisor, Substitute Services, called him on June 14, 2000 with a teaching assignment.  Plaintiff further alleges that this assignment was "bogus."  He made some phone calls and drove around but the assignment was not at the school indicated by Ms. Duran.

1

When he returned home Plaintiff alleges that he received a harassing phone message from Ms. Duran. The next day he received a termination letter signed by Ms. Duran. He filed a criminal complaint in metropolitan court against Ms. Duran.  The criminal complaint was dismissed with prejudice.  The sole allegation against Defendant Brad Allison was that he was "knowledgable of legal action ...by Plaintiff Corse..."

**Plaintiff's failure to respond**

Plaintiff did not respond to Defendants' Motion to Dismiss.  The local rules state that failure to serve or file a response "in opposition to any motion constitutes consent to grant the motion." D.N.M.LR-Civ. 7.5.  Thus, Plaintiff's failure to respond constitutes a waiver of his objection he may have to this motion. The Court recognizes that the Plaintiff is *pro se*.  However, *pro se* parties must comply with the "fundamental requirements" of the rules governing procedure.  Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994) *cert. denied* 513 U.S. 1090 (1995).  Thus, the court has the discretion to grant Defendants' motion on the grounds that Plaintiff failed to respond.  The Court will, however, address the merits of Defendants' motion.                    **Motion to Dismiss**

A case should not be dismissed under Fed.R.Civ.P. 12(b)(6) unless it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  See Conley v. Gibson 355 U.S. 41, 45-46 (1957).  In reviewing Plaintiff's *pro se* complaint the Court applies the same legal standards applicable to pleadings drafted by counsel, but is at the same time mindful that a *pro se* Plaintiff's complaint must be liberally construed.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  Even a broad reading of a plaintiff's *pro se* complaint, however, does not relieve a Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. See Riddle v. Mondragon, 83 F.3d 1197, 1203 (10th Cir. 1996).

*Count I (42 U.S.C. Sec. 1983).*

To allege a claim under 42 U.S.C. Sec. 1983, Plaintiff must allege two elements: 1) a deprivation of a federal right and 2) that the deprivation was caused by a person acting "under color of state law." Gomez v. Toledo, 446 U.S. 635, 640 (1980). Plaintiff's complaint fails to state a claim because Plaintiff did not allege either element in his complaint. In his complaint, as discussed above, he alleges that Ms. Duran set him up with a "bogus" substitute teaching assignment and the next day terminated him. The Plaintiff alleges that Defendant Allison "was knowlegable of legal action...by Plaintiff Corse..." against Defendant Duran. Plaintiff has simply failed to allege that either of the Defendants deprived him of a federally protected right.

Further Plaintiff made only conclusory allegations that Defendants acted under color of state law. He checked the "yes" box on the pro se civil complaint form. Complaint, p.2. He did not make any further allegations. There are no allegations that the Defendants exercised power possessed by virtue of state law. West v. Atkins 487 U.S. 42, 49 (1988). Thus, Plaintiff's 42 U.S.C. Sec. 1983 claim must be dismissed.

*Counts II and III (Age Discrimination in Employment Act)*

Plaintiff alleges that the Defendants terminated him because of his age. Plaintiff alleges that he was 48 years old when he was terminated. Complaint, p. 3. Further, in the EEOC charge, he wrote that "I feel I have been treated like an old dog, because I am an old dog."[1] See Exhibit A(9).

---

[1] A written document attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) motion. Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

3

For Plaintiff to state a claim under the ADEA, he must plead that age "actually" motivated the employer's decision.  See Ellis v. United Airlines, Inc., 73 F.3d 999, 1004 (10th Cir. 1996) *cert. denied* 517 U.S. 1245.  The court finds that these allegations are insufficient to state a claim under the ADEA.  Hall, 935 F.2d at 1110.  The Plaintiff must allege sufficient facts on which a "recognized legal claim could be based."  Id.  Thus, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  Id. (citations omitted) The court should not accept as true conclusory allegations.  In this case, Plaintiff's allegations involve a substitute teaching assignment.  He has not alleged that the Defendants made any decisions based on his age.  There are no allegations that he was terminated because of his age.  There are simply no well-pleaded factual contentions alleged regarding his age.

Defendants also assert that the ADEA claim must be dismissed against Duran and Allison because supervisors cannot be held personally liable under the ADEA.  Defendants are correct.  The ADEA provides no basis for relief against supervisory employees.  Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th Cir. 1994), *cert. denied* 513 U.S. 1058 ("such personal liability would place a heavy burden on those who routinely make personnel decisions...").  Though the Tenth Circuit has not ruled on this issue specifically, the Birkbeck ruling was cited with approval in Butler v. City of Prairie Village, 172 F.3d 736, 744 (10th Cir. 1999).  The holding is consistent with the majority of federal circuit and districts courts that have considered the issue of individual supervisor liability. Smith v. Lomax, 45 F.3d 402, 403 n. 4; Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587-88 (9th Cir. 1993), *cert. denied sub nom* Miller v. La Rosa, 510 U.S. 1109 (1994); Stults v. Conoco, Inc., 76 F.3d 651, 655 (5th Cir. 1996).

*Count III (Americans With Disabilities Act)*

4

The Tenth Circuit has specifically ruled that the ADA does not allow claims against supervisors. <u>Butler</u>, 172 F.3d at 744 ("[W]e now hold that ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory decision.") Thus, Plaintiff's claims against these Defendants must be dismissed as his alleged claim fails to state a claim upon which relief can be granted.

Further, this count will be dismissed because the Plaintiff did not comply with the ADA's administrative prerequisites prior to filing suit. <u>Love v. Pullman Co.</u>, 404 U.S. 522, 523 (1972). In this case, Plaintiff filed a charge of discrimination for this ADEA claim. Plaintiff received a right to sue letter from the EEOC for his ADEA claim. However Plaintiff failed to plead or receive a right to sue letter for a claim based on the ADA. In such a case, the court must dismiss Plaintiff's ADA claim. <u>Amro v. Boeing Co.</u>, 951 F. Supp. 1533, 1553 (D. Kan. 1997); <u>Beverly</u> <u>Health and Rehabilitation Services, Inc.</u>, 962 F. Supp. 1379, 1383 (D. Kan. 1997).

*Equal Pay Act Claim*

In the jurisdiction section of Plaintiff's Complaint, Plaintiff mentions the Equal Pay Act (EPA). In Count II he alleges he was "denied payments at work assignments." The EPA prohibits discrimination on the basis of sex. To establish a *prima facie* case of violation of the EPA Plaintiff must establish that his employer has paid workers of one sex more than workers of the opposite sex for equal work. <u>Corning Glass Works v. Brennan</u>, 417 U.S. 188, 196 (1974). Plaintiff did not plead any facts to establish a violation of the EPA. His Complaint and EEOC Charge of Discrimination does not allege a cause of discrimination based on the EPA. The allegations made are not even close to stating a claim. <u>Hall</u>, 935 F.2d at 1110. Accordingly, the Equal Pay Act claim will be dismissed.

**Motion to Amend**

Plaintiff filed what a appears to be a motion to amend his Complaint.  It appears from this motion that the Plaintiff is seeking leave to amend his Complaint to include criminal charges against new parties.  For the reasons stated below, Plaintiff's motion will be denied.

Plaintiff failed to follow the local rules.  He did not attach a proposed amended complaint. D.N.M.LR-Civ. 15.1 He failed to file a memorandum brief in support of his motion. Finally, Plaintiff never sought Defendants' concurrence.  D.N.M.LR-CV 7.4

Further, Plaintiff's proposed amendments would not survive a motion to dismiss.  Federal Rule of Civil Procedure 15 provides that "a party may amend his pleading only by leave or court or by written consent of the adverse party."  The court should not grant leave to amend when the proposed amendment is legally insufficient and it would be futile to grant leave to amend.  Foman v. Davis, 371 U.S. 178, 182 (1962).  If the proposed amendment is legally insufficient on its facts, the court may deny leave to amend.  See Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983)(plaintiff's allegations were conclusory and insufficient as a matter of law, and thus the trial court correctly concluded that to grant leave to file the second amended complaint would have been futile because it would have been subject to dismissal for failure to state a claim).

Plaintiff filed a criminal complaint against Jane Duran in Bernalillo County Metropolitan Court.  Plaintiff asserts that this complaint was dismissed with prejudice by Judge Sandra J. Clinton. It appears that the Plaintiff wants this court to review these proceedings.  The *Rooker- Feldman* doctrine does not permit such review.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.  Id.  Further,

as Judge Clinton was acting within her official capacity as a judge, she is protected by absolute immunity. Mireles v. Waco, 502 U.S. 9, 12 (1991)(per curiam).

**Conclusion**

The court considered whether the Plaintiff should be permitted to amend his complaint to include factual allegations in support of his claims. A court should permit amendment when the "factual allegations are close to stating a claim." Hall, 935 F.3d at 1110. This is not a Complaint that is missing certain elements in a cause of action. In this matter, the Complaint is barren of any material that could be construed as stating a claim. Thus, it must be dismissed. Northington, 973 F.2d at 1520-21 ("court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations.")

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' Motion to Dismiss is granted;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Request Court's Pause in Chronological/Reasonable Time Limit Procedures for Statement Reasons to Amend Complaint is denied.

**FINALLY, IT IS ORDERED** that Plaintiff's Complaint and all the causes of action therein are dismissed with prejudice.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**